UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2:12-cv-14377-DLG

ISRAEL HUERTA, on his own behalf
and others similarly situated,

    Plaintiff,

v.

STRYKER ELECTRICAL CONTRACTING,
INC., a Florida corporation, and MICHAEL
BRYAN, individually,

    Defendants.
_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASES

Plaintiff, ISRAEL HUERTA, on his own behalf and others similarly situated ("Plaintiff"), Defendants, STRYKER ELECTRICAL CONTRACTING, INC. ("SEC") and MICHAEL BRYAN ("BRYAN") (collectively, "Defendants"), hereby agree upon this settlement ("Settlement" or "Agreement") of all issues involved in the above-styled case as follows:

### Recitals and Definitions

    a.    The "action" shall mean <u>Israel Huerta v. Stryker Electrical Contracting, Inc., et. al.,</u> case number: 2:12-cv-14377-DLG, pending in the United States District Court for the Southern District of Florida.

    b.    "Plaintiff" shall mean, ISRAEL HUERTA, his heirs, executors, administrators, agents, distributees, attorneys, beneficiaries, successors in interest and assignees.

    c.    Defendant, SEC, shall include, SEC's predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its officers, directors, supervisors, managers, employees, agents, attorneys and

representatives, in their individual and official capacities, and their heirs and legal representatives.

d.   BRYAN shall include BRYAN's heirs, executors, administrators, agents, distributees, attorneys, beneficiaries, successors in interest and assignees.

### Agreement and General Releases

Each and every recital above is fully and expressly incorporated herein.

1. The parties hereto recognize that Defendants do not admit, but rather, specifically deny, any liability to Plaintiff, or to anyone else as a result of or growing out of matters set forth in the pleadings of the Plaintiff in the above-entitled cause.

2. Defendants agree to pay Plaintiff the sum of Three Thousand Five Hundred and 00/100 Dollars ($3,500.00). The settlement sum shall be delivered to Plaintiff's counsel in full within ten (10) days of the Court's approval of this settlement. The settlement sum shall be paid as follows:

   a. One check to Plaintiff in the amount of One Thousand Three Hundred Eighty Seven and 50/100 Dollars ($1,387.50); and

   b. Two Thousand One Hundred Fifteen and 50/100 Dollars ($2,112.50) to Shavitz Law Group P.A. as attorneys' fees and costs.

3. In exchange for the Settlement Payment, and other good and valuable consideration, Plaintiff hereby remises, acquits, releases, satisfies and discharges, Defendants, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives, of and from, any and all claims and demands, known or unknown, and all manner of action and actions, causes of action, suits,

administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which Plaintiff and Plaintiff's heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees ever had or now have or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Plaintiff in this action, or which may or could arise from or be related to Plaintiff's employment by SEC.

4.  In consideration of dismissal of this action, *with prejudice,* and other good and valuable consideration, Defendants, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives in their individual and official capacities, and their heirs and legal representatives, hereby remise, acquit, release, satisfy and discharge Plaintiff, his heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assigneees, of and from, any and all claims and demands, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which defendants, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives have, or in the future may have by

reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Defendants against Plaintiff, his heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees in this action.

5. Plaintiff agrees that Plaintiff he has been paid for all hours worked and has been paid all overtime, minimum wage compensation and any other type of compensation, bonuses or commission, due or earned while employed by Defendants, and agrees that Defendants do not owe Plaintiff any other monies with regard to compensation associated for hours worked.

6. Plaintiff agrees to dismiss this action, **with prejudice**, upon the Court's approval of this settlement, unless the action is dismissed by the Court. The Parties agree that the Court will retain jurisdiction to enforce the terms of this Agreement.

7. The parties covenant and agree that they have and will continue to maintain in strict confidence the terms of this Agreement and shall not disclose the existence of, or any of the terms or conditions of this Agreement to any person, though the parties may provide this agreement to their attorneys and accountants, provided the parties instruct their attorney(s) and accountants to maintain the confidentiality provided herein.

8. Defendants agree not to disclose the existence or contents of this Agreement or the litigation underlying it to any prospective employer of Plaintiff. If Defendants are contacted by any prospective or current employer of Plaintiff, they shall confirm dates of employment, and job position.

9. The parties agree not to make any remarks or comments, verbally or in writing, to disparage or denigrate each other. The Plaintiff agrees not to seek re-employment with SEC or any of its affiliates or subsidiaries.

10. Plaintiff agrees to indemnify and hold Defendants harmless for the payment of any federal, state, or local taxes with respect to the monies paid in Paragraph 2.

11. In the event the parties seek to enforce the terms of this Agreement, the prevailing party shall be entitled to attorney's fees and costs, damages, and injunctive relief, if applicable.

12. This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding.

13. Plaintiff acknowledges that Plaintiff has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

14. It is further understood and agreed that the Settlement Payment, and the other good and valuable consideration provided for herein, are not mere recitals, but are the consideration for this Agreement and the full and final mutual general releases affected thereby.

15. This Agreement is entered into freely and voluntarily by the parties, without any admission of wrongdoing or liability, solely to avoid further costs, risks and hazards of litigation and to settle all work related claims and potential claims and disputes, known or unknown, in a final and binding manner.

16. This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

17. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

18. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

**As to Plaintiff:**

Date: 12-31-12                                    _____
                                                  ISRAEL HUERTA

**As to Defendant:**
STRYKER ELECTRICAL CONTRACTING, INC.

Date:_____                                By:_____

**As to Defendant:**
MICHAEL BRYAN

Date:_____                                By:_____

18. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

**As to Plaintiff:**

Date: _____

ISRAEL HUERTA

**As to Defendant:**
STRYKER ELECTRICAL CONTRACTING, INC.

Date: 12/14/12

By: _____
Scott B. Eidlestrom

**As to Defendant:**
MICHAEL BRYAN

Date: 12/14/12

By: _____